**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CAROL A. TRAWICK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.** ________________ |
| | ) | |
| **T&A HOLDING CORPORATION, MT HOLDING CORPORATION** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff Carol A. Trawick ("Plaintiff"), by her undersigned attorneys, alleges upon knowledge as to her own acts and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1. This is an action against defendant T&A Holding Corporation ("T&A Holding") and defendant MT Holding Corporation ("MT Holding," collectively "Defendants") for breach of contract. The claim is based upon Defendants' failure to make payments that were due under a Stock Purchase Agreement.

2. Plaintiff seeks to recover compensatory damages in the amount of $5,521,086.00, as well as costs, fees and expenses.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The controversy is between citizens of different states and the amount in controversy exceeds $75,000. Venue is proper pursuant to 28 U.S.C. § 1391 (a) and (c) as there is complete diversity between the parties and both defendants are Delaware corporations resident in and subject to jurisdiction in this District.

## PARTIES

4. Plaintiff is a resident of the State of Maryland, and resides at 6600 Elgin Lane, Bethesda, MD 20817. She brings this action individually, and as the designated Sellers Representative, agent and attorney-in-fact of the Sellers and stockholders who are identified in ¶¶ 7 & 8, below.

5. T&A Holding is a Delaware corporation, with its principal place of business c/o Veritas Capital Fund Management L.L.C., 590 Madison Avenue, 41st Floor, New York, NY 10022.

6. MT Holding is a Delaware corporation, with its principal place of business c/o Veritas Capital Fund Management L.L.C., 590 Madison Avenue, 41st Floor, New York, NY 10022. On information and belief, on or about December 21, 2007, T&A Holding merged into MT Holding.

## BACKGROUND

7. On August 28, 2006, T&A Holding entered into a Stock Purchase Agreement ("the Agreement") to purchase all 100 shares of the common stock of T.R. Systems, Inc., a Maryland Corporation, d/b/a Trawick & Associates ("TR Systems"). At the time of the sale, the

stockholders of TR Systems included Plaintiff, James R. Trawick, Mark E. Kleckner, and Gary H. Brown (collectively "Sellers").

8. Plaintiff and James R. Trawick are residents of the State of Maryland, and reside at 6600 Elgin Lane, Bethesda, MD 20817. Mark E. Kleckner is a resident of the State of Maryland and resides at 4814 Broad Brook Drive, Bethesda, MD 20814. Gary H. Brown is a resident of the Commonwealth of Virginia and resides at 11403 Fieldstone Lane, Reston, VA 20191.

9. Under Section 27 of the Agreement, Plaintiff was irrevocably appointed as the Sellers Representative, as the "true and lawful agent and attorney-in-fact of each Seller with full powers of substitution . . . to act in the name, place and stead of, and on behalf of and with respect to such Seller's interest in and with respect to this Agreement . . . and to do or refrain from doing all such acts and things, and to execute all such documents, as the Sellers Representative shall deem necessary or appropriate in connection with the foregoing matters."

10. As Sellers Representative, Plaintiff has full authority to bring this action and seek the relief requested herein on behalf of Sellers.

**Count I**
**Breach of Contract**

11. Plaintiff restates the allegations of paragraphs 1 through 9 as if fully set forth herein.

12. Pursuant to Section 2 of the Agreement, the base Purchase Price for TR Systems stock included, certain adjustments and required future payments as set forth in the Agreement.

13. Closing under the August 28, 2006 Stock Purchase Agreement took place on or about November 3, 2006.

14. On November 3, 2007, T&A Holding was required to make, as required by Section 2.2(d) of the Agreement, a payment of the Initial Holdback Amount to Sellers in the adjusted amount of $2,021,086.00.

15. On November 3, 2007, T&A Holding was required to make, as required by Section 2.3(b) of the Agreement, an Earn-Out Payment to Sellers in the amount of $3,500,000.

16. Defendants have asserted – falsely – that they are not required to make the aforesaid payments because the Small Business Administration ("SBA") adopted a final rule (13 CFR Parts 121 and 124) amending, among other things, the size recertification regulations in a manner which adversely affects the revenue to be realized under T&A Holding's USPTO Facilities Management and End-User Support 2 Contract with the U.S. Patent & Trademark Office/Department of Commerce ("the PTO Contract").

17. The aforesaid CFR amendment was proposed over four years prior to closing, was a matter of public record, and was not adopted until several weeks <u>after</u> the acquisition of TR Systems by T&A Holding.

18. No representations or warranties were required to be made to T&A Holding regarding the pendency or future prospects of the proposed SBA rule, and none were made by TR Systems, the Sellers or any of their representatives.

19. Further, Section 4.8 of the Agreement contains T&A Holding's specific acknowledgement that it has received no forward-looking statements regarding future financial revenue, which include future financial revenue under the PTO contract which Defendants now claims as the basis for refusing to make the required payments under the Agreement

20. Section 4.8 provides:

> 4.8 <u>Buyer's Acknowledgement Regarding Forward-Looking Statements.</u> Buyer acknowledge that (a) neither Company [TR Systems] nor the Sellers nor

any of Company's representatives makes or shall be deemed to have made hereunder any representations or warranties, express or implied, in law or in equity, of any kind or nature whatsoever concerning or as to the accuracy or completeness of any projections, budgets, forecasts or other forward looking financial information concerning the future revenue, income, profit or other financial results of the Company, (b) there are uncertainties inherent in attempting to make any such projections, budgets, forecasts or other forward-looking financial information, and (c) actual results of operations may differ materially from any such projections, budgets, forecasts or other forward-looking financial information.

21. Defendants' conduct in refusing to make payment to the Sellers, as required by the Agreement, of the $2,021,086.00 Initial Holdback Amount and $3,500,000.00 Earn-Out Payment was wrongful, without justification and is a breach of the Agreement.

22. MT Holding, as the successor to T&A Holding, is liable for the aforesaid breaches of T&A Holding.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment and relief be entered as follows:

a) Awarding damages against Defendants for breach of the Agreement in the amount of $5,521,086.00, together with prejudgment interest from the dates such payments were due under the Agreement in the maximum rate allowable by the Agreement or by law;

b) Awarding attorneys fees under Section 11 of the Agreement; and

c) Granting such other and further relief as the Court deems just and proper or as shall be necessary to provide complete relief to Plaintiff herein.

Dated: January 23, 2008

                                  **CONNOLLY BOVE LODGE & HUTZ LLP**

By: ______________________

Kevin F. Brady (I.D. #2248)
Jeremy D. Anderson (I.D. #4515)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
kbrady@cblh.com
janderson@cblh.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

Stanley J. Reed
**LERCH, EARLY & BREWER, CHTD.**
3 Bethesda Metro Center
Suite 460
Bethesda, Maryland 20814
Tel: (301) 986-1300
sjreed@lerchearly.com

#587675

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
**CAROL A. TRAWICK**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: UNKNOWN

**(b) DEFENDANTS**
**T&A HOLDING CORPORATION**
**MT HOLDING CORPORATION**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: UNKNOWN

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

ATTORNEY NAME
Kevin F. Brady (I.D. #2248)
Jeremy D. Anderson (I.D. #4515)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207, 1007 North Orange Street
Wilmington, Delaware 19899-2207
(302) 658-9141

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault. Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor Mgmt Relations
☐ 730 Labor Mgmt Reporting & Disclosure Act
☐ 740 Labor Railway Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/CC Rates/et
☐ 460 Deportation
☐ 470 Racketeer Influenced ar Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/ Commodities Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. § 1332 and 28 U.S.C. § 1391 Breach of Contract

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND: Amount to be determined, Permanent Injunction sought

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY: **n/a**

DATE **January 23, 2008** SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08-43

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

2008 JAN 23 AM 9:20

FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

I HEREBY ACKNOWLEDGE RECEIPT OF 3 COPIES OF AO FORM 85.

JAN 23 2008

(Date forms issued)

(Signature of Party or their Representative)

Matthew D. Gordon

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action