IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAROL A. TRAWICK, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 08-43 (GMS) |
| | ) |
| v. | ) |
| | ) |
| T&A HOLDING CORPORATION, | ) |
| MT HOLDING CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND COUNTERCLAIM

Defendants T&A Holding Corporation and MT Holding Corporation (collectively "Defendants"), by and through their undersigned counsel, hereby respond to the allegations of the Complaint filed in the above captioned matter as follows:

1. The allegations contained in this paragraph constitute plaintiff's characterization of this action and conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny that they breached the parties' Stock Purchase Agreement.

2. The allegations contained in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny that plaintiff is entitled to any relief.

3. The allegations contained in this paragraph constitute conclusions of law as to which no responsive pleading is required.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5. Defendants admit that T&A Holding is a Delaware corporation. Defendants deny the remainder of the allegations contained in this paragraph.

6. Defendants admit that MT Holding is a Delaware corporation and that it is the successor in interest to T&A Holding. Defendants deny the remainder of the allegations contained in this paragraph.

7. Defendants admit that on or about August 28, 2006, T&A Holding Corporation entered into a Stock Purchase Agreement with T.R. Systems, Inc., the terms of which speak for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of this paragraph.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. By way of further response, Defendants state that the Agreement speaks for itself.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT I:
### Breach of Contract

11. Defendants incorporate herein their responses to paragraphs 1 through 10.

12. Defendants deny the allegations contained in this paragraph. By way of further response, Defendants state that the Agreement speaks for itself.

13. The allegations contained in this paragraph are admitted.

14. Defendants deny the allegations contained in this paragraph. By way of further response, Defendants state that the Agreement speaks for itself.

2

15. Defendants deny the allegations contained in this paragraph. By way of further response, Defendants state that the Agreement speaks for itself.

16. The allegations contained in this paragraph are denied.

17. The allegations contained in this paragraph are denied.

18. The allegations contained in this paragraph are denied. By way of further response, Defendants state that the Agreement speaks for itself.

19. Defendants deny the allegations contained in this paragraph. By way of further response, Defendants state that the Agreement speaks for itself.

20. Defendants deny the allegations contained in this paragraph. By way of further response, Defendants state that the Agreement speaks for itself.

21. The allegations contained in this paragraph are denied.

22. The allegations contained in this paragraph are denied.

### FIRST DEFENSE

Each Count of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The claims asserted in the Complaint are barred because Plaintiff has violated material terms of the Stock Purchase Agreement.

### THIRD DEFENSE

Expressly denying any wrongdoing on its part and expressly denying that Plaintiff has been damaged as alleged, Defendants assert that Plaintiff is not entitled to recover attorneys' fees, expenses or costs.

## FOURTH DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## FIFTH DEFENSE

Defendants hereby give notice of their intent to rely on such other and further and separate defenses as may appear applicable through discovery proceedings in this cause, and hereby reserves the right to amend its answer to reflect any such defenses.

## COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs T&A Holding Corporation and MT Holding Corporation (collectively "Holding Companies"), by and through their undersigned counsel, allege the following Counterclaims against Plaintiff/Counterclaim Defendant Carol A. Trawick ("Trawick"):

### Nature of the Counterclaims

1. By their Counterclaims, Holding Companies seek damages for Trawick's breach of the parties' Stock Purchase Agreement and breach of the covenant of good faith and fair dealing.

### Parties, Jurisdiction and Venue

2. Counterclaim Plaintiff MT Holding Corporation ("MT Holding") is a Delaware corporation, with its principal place of business located, c/o McNeil Technologies, Inc., at 6564 Loisdale Court, Suite 900, Springfield, Virginia 22150. MT Holding is the successor in interest to Counterclaim Plaintiff T&A Holding Corporation ("T&A Holding"), which was also a Delaware corporation.

3. Counterclaim Defendant Trawick is a resident of the State of Maryland, residing at 6600 Elgin Lane, Bethesda, MD 20817. Trawick is the designated sellers representative and agent for T.R. Systems, Inc. ("T.R. Systems"), a Maryland corporation.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the controversy is between citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391.

### Factual Background

6. On or about August 28, 2006, T&A Holding entered into a Stock Purchase Agreement (the "Agreement") to acquire all of the outstanding shares of the common stock of T.R. Systems. In exchange for the stock, T&A Holding paid sellers a base purchase price of $42,500,000.00.

7. At the time T&A Holding entered into the Agreement, TR Systems' most valuable asset was its USPTO Facilities Management and End-User Support 2 Contract with the United States Patent and Trademark Office (the "PTO Contract"). The PTO Contract accounted for approximately 69% of TR Systems' revenue in 2006 and approximately 67% of its revenue in 2007.

8. TR Systems was certified as a "small business" by the United States Small Business Administration ("SBA"). This certification allowed TR Systems to obtain valuable government contracts, such as the PTO Contract. Government agencies are encouraged, through the distribution of certain set-aside credits, to contract with certified small businesses.

9. At the time T&A Holding entered into the Agreement, SBA rules allowed small business size status to be determined on the date companies submitted their initial offers for

federal contracts, and characterization of a company as "small" lasted for the duration of the contract.

10. The PTO Contract, which formed a vital component of TR Systems' assets, was not set to expire until July 1, 2012.

11. The parties closed the Agreement on November 3, 2006. Merely twelve days after the Closing, the Small Business Administration issued a final rule amending, among other things, its size recertification regulations in a manner which materially and adversely impacted the PTO Contract.

12. Under the SBA's new rules, for contracts of more than five years' duration, such as the PTO Contract, initial size certification continues for a maximum of five years. Thereafter, size "recertification" is required. As a result of Holding Companies' acquisition of TR Systems, Holding Companies will no longer qualify as a small business.

13. Thus, the PTO Contract will be open for competitive bidding under a small business set-aside beginning July 1, 2008, rather than on July 1, 2012 when its current term expires, and Holding Companies will be precluded from bidding. Indeed, the PTO has already begun soliciting bids for the PTO Contract from certified small business vendors.

14. The loss of the PTO Contract will have a material, adverse impact upon Holding Companies' financial prospects and renders the company formerly know as TR Systems far less valuable than the over $40 million for which it was purchased.

15. Upon information and belief, Trawick knew of the impending SBA rule change prior to the Agreement's Closing Date. Despite her advanced knowledge, Trawick did not inform Holding Companies of this critical development.

16.     Had Holding Companies been made aware of the impending SBA rule change, it would not have entered into the Agreement or closed the transaction.

17.     On November 2, 2007, Holding Companies provided Trawick with written notice, in accordance with section 11.4(a) of the Agreement, that the Sellers had breached the Agreement and were required to indemnify Holding Companies for $9,118,130 in damages pursuant to Section 11.5(b) of the Agreement (defined as the "Seller Indemnification Obligation").

18.     On November 5, 2007, Holding Companies provided Trawick with further notice that they would offset the unsatisfied Seller Indemnification Obligation in the amount of $9,118,130 against the Initial Holdback Amount and the Earn-Out Payment that Trawick claimed were due. Sections 2.2(d) and 2.3(b)(i) of the Stock Purchase Agreement expressly permit Holding Companies to forego payment of the Initial Holdback Amount and the Earn-Out Payment in the event that Sellers breach the Agreement in a manner that gives rise to a greater Indemnification Obligation.

Relevant Provisions of the Agreement

19.     Section 3.13 of the Agreement provides, in pertinent part:

> Company has all the Contracts it needs to carry on the Business in all material respects as now being conducted. All of the Contracts are in full force and effect, and are valid, binding, and enforceable in accordance with their terms . . .
>
> \* \* \*
>
> Company has not received notice of an intention by any party to any Contract that provides for a continuing obligation by any party thereto on the date hereof to terminate such Contract or amend the terms thereof, other than modifications in the ordinary course of business that do not materially adversely affect Company and [] the consummation of the transactions contemplated by this Agreement will not affect the validity, enforceability and continuation (all in accordance with the terms of the Contracts) of any such Contracts as of the date hereof.

20. The Agreement also contains a provision, Section 3.25, acknowledging that neither party has provided untrue statements of material fact, or omitted any material facts, in connection with the transaction.

21. Section 3.34 of the Agreement is titled "Absence of Changes," and represents that, "except for matters of general knowledge in the industry related to general economic or industry conditions, there has not been any change or development with respect to Company's business, operations, condition (financial or otherwise), results of operations, assets or liabilities . . .."

22. Trawick, by withholding the fact of the impending change in the SBA rules, breached each of the foregoing provisions.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

23. Counter Plaintiffs Holding Companies reallege and incorporate paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. Pursuant to Sections 3.13, 3.25 and 3.34 of the Agreement, Trawick was obligated to inform Holding Companies of the impending SBA rule change, which she knew would materially adversely affect the continuation of the PTO Contract and, by extension, the financial health of the company.

25. Trawick's failure to inform Holding Companies of the impending SBA rule change, as required by the Agreement, was wrongful, without justification and is a breach of the Agreement.

26. Trawick, as the Sellers' Representative, is liable for that breach.

27. As a result of Trawick's breach of the Agreement, Holding Companies have incurred, and will incur, substantial damages.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

28. Counter Plaintiffs Holding Companies reallege and incorporate paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Through her execution of the Stock Purchase Agreement, Trawick owed a duty of good faith and fair dealing to Holding Companies.

30. Trawick breached the duty of good faith and fair dealing owed to Holding Companies by failing to disclose material information to Holding Companies in a timely or reasonable manner, by providing Holding Companies with misleading and/or inaccurate information, including information relating to the continuation of the PTO Contract, by failing to satisfy its covenants and obligations under the Stock Purchase Agreement, by failing to cure or rectify in any reasonably manner its material breach of contract upon written notice from Holding Companies, and by participating in other acts demonstrating bad faith toward Holding Companies.

31. As a result of Trawick's breach of the covenant of good and faith and fair dealing implied in every contract, Holding Companies will suffer, among other things, substantial monetary damages.

WHEREFORE, Defendants T&A Holding Corporation and MT Holding Corporation respectfully request that this Court enter judgment in its favor and against plaintiff:

    (a) Dismissing the complaint with prejudice;

    (b) Awarding damages to Defendants in an amount to be determined at trial, plus interest under law;

9

(c) Awarding it costs and attorneys fees; and

(d) Granting such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Stephen C. Norman (#2686)
Sarah E. DiLuzio (#4085)
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19801
Telephone (302) 984-6000
snorman@potteranderson.com
sdiluzio@potteranderson.com

Attorneys for Defendants T&A Holding Corp. and MT Holding Corp.

Of Counsel:

David K. Momborquette
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Telephone (212) 593-5955

Dated: April 14, 2008
858406v5/32893

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Sarah E. DiLuzio, hereby certify that on April 14, 2008, the attached document was was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Kevin F. Brady (#2248)
Jeremy D. Anderson (#4515)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
kbrady@cblh.com
janderson@cblh.com

By: /s/ Sarah E. DiLuzio
Sarah E. DiLuzio, Esquire (#2686)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000