UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAROL A. TRAWICK )<br>)<br>Plaintiff, )<br>) Civil Action No. 08-43 (GMS)<br>v. )<br>)<br>T&A HOLDING CORPORATION, )<br>MT HOLDING CORPORATION )<br>)<br>Defendants. )<br>_____) | |

**PLAINTIFF CAROL A. TRAWICK'S REPLY BRIEF
IN SUPPORT OF HER MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

CONNOLLY BOVE LODGE & HUTZ LLP
Kevin F. Brady (I.D. #2248)
Jeremy D. Anderson (I.D. #4515)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
kbrady@cblh.com
janderson@cblh.com
*Attorneys For Plaintiff Carol A. Trawick*

OF COUNSEL:
Stanley J. Reed
LERCH, EARLY & BREWER, CHTD.
3 Bethesda Metro Center
Suite 460
Bethesda, MD 20814
Tel: (301) 986-1300
sjreed@learchearly.com

Dated: June 18, 2008

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 1

    A.   DEFENDANTS HAVE FAILED TO ALLEGE FACTS WHICH SUPPORT THEIR COUNTERCLAIM. ............................................................................. 1

    B.   THE APPLICABLE PLEADING STANDARD FOR 12(b)(6) MOTIONS TO DISMISS REQUIRES THAT DEFENDANTS' COUNTERCLAIM BE DISMISSED. ................................................................................................. 2

    C.   SECTIONS 3.13, 3.25 AND 3.34 OF THE STOCK PURCHASE AGREEMENT DO NOT REQUIRE PLAINTIFF TO MAKE ANY REPRESENTATIONS OR WARRANTIES ABOUT FUTURE SBA RULE CHANGES. ............................... 4

    D.   SECTION 4.8 OF THE STOCK PURCHASE AGREEMENT BARS DEFENDANTS' COUNTERCLAIM. ............................................................... 8

    E.   DEFENDANTS HAVE FAILED TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING. ................................... 9

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Acme Supply Co. v. City of New York,*
   834 N.Y.S.2d 142 (2007) ............................................................................................. 9

*Alvarez v. Ins. Co. of N. Am.,*
   2008 WL 647784 (3d Cir. 2008) .................................................................................. 3

*Arthrocare Corp. v. Smith & Newman, Inc.,*
   2004 WL 896002 (D. Del. 2004) ................................................................................. 3

*Bell Atl. Corp. v. Twombly,*
   127 S. Ct. 1955 (2007) ................................................................................................. 2

*Brett v. Woodley,*
   2007 WL 1695652 (D. Del. 2007) ............................................................................... 3

*Delaware State University Student Housing Foundation v. Ambling Management Co.,*
   2008 WL 2278360 (D. Del 2008) ................................................................................ 3

*Fantozzi v. Axsys Techs., Inc.,*
   2007 U.S. Dist. LEXIS 61448 (S.D.N.Y. 2007) .................................................... 9, 10

*Harris v. Provident Life and Accident Ins. Co.,*
   310 F.3d 73 (2d Cir. 2002) ........................................................................................... 9

*Morse v. Lower Merion Sch. Dist.,*
   132 F.3d 902 (3d Cir. 1997) ......................................................................................... 3

*Rice v. U.S.,*
   2008 WL 1821464 (D. Del. 2008) ............................................................................... 3

*Roarty v. Tyco Intern. Ltd. Group Business Travel Acc. Ins. Plan,*
   2007 WL 2248086 (D. Del. 2007) ............................................................................... 3

*Ruttenberg v. Davidge Data Sys. Corp,*
   626 N.Y.S.2d 174 (1995) ............................................................................................. 9

*Sands v. McCormick,*
   502 F.3d 263 (3d Cir. 2007) ......................................................................................... 3

*Texas Liquids Holding, LLC v. Key Bank Nat. Assoc.,*
   No. 05 Civ. 5070, 2007 U.S. Dist. LEXIS 23002 (S.D.N.Y. Mar. 27, 2007) ............ 10

*Walker v. The News Journal,*
   2008 WL 766788 (D. Del. 2008) ................................................................................. 3

## INTRODUCTION

Plaintiff Carol A. Trawick ("Plaintiff" or "Trawick"), individually as a Seller, and as the designated Sellers Representative of the other sellers and stockholders of T. R. Systems, Inc., a Maryland Corporation, d/b/a Trawick & Associates ("T.R. Systems"), has moved to dismiss the Counterclaim (D.I. 6) filed by Defendants T&A Holding Corporation ("T&A Holding") and MT Holding Corporation ("MT Holding", collectively "Defendants").  Plaintiff filed a Motion to Dismiss the Counterclaim (D.I. 8) and an Opening Brief (D.I. 9) in support of her Motion. Defendants filed an Answering Brief. (D.I. 10)

This is Plaintiff's Reply Brief in Support of her Motion to Dismiss Defendants' Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

**A. DEFENDANTS HAVE FAILED TO ALLEGE FACTS WHICH SUPPORT THEIR COUNTERCLAIM.**

Defendants have failed to allege actual **facts** which support the claims set forth in their Counterclaim, and instead rely purely upon an improbable and impossible "information and belief" allegation as the sole foundation for both Count I (Breach of Contract) and Count II (Breach of Duty of Good Faith And Fair Dealing) of the Counterclaim.

Defendants acknowledge that the parties closed on the August 28, 2006 Stock Purchase Agreement ("Agreement') on November 3, 2006, and further allege that "Merely twelve days **after** the closing, the Small Business Administration issued a final rule amending, among other things, its size recertification regulations in a manner which materially and adversely impacted the PTO contract." D.I. 6, ¶ 11 (emphasis added). Defendants' Counterclaim then rests entirely upon the allegation set forth in ¶ 15 of the Counterclaim, which states:

1

> "15.  **Upon information and belief**, Trawick knew of the impending SBA rule change prior to the Agreement's Closing Date. Despite her advanced knowledge, Trawick did not inform Holding Companies of this critical development."

D.I. 6, ¶ 15 (emphasis added).

Defendants did not plead a single fact in support of the allegation that Plaintiff had "advanced knowledge" of the future Small Business Administration ("SBA") rule change, and the allegation was made solely on the basis of "information and belief", i.e., without any factual support. Defendants' entire Counterclaim is based upon this allegation. Without the alleged "advanced knowledge" of the November 15, 2006 SBA rule change **prior** to the November 3, 2006 Closing, there would be no factual basis for any of Defendants' claims of breach of contract or breach of duty of good faith and fair dealing.

Defendants do not explain how Plaintiff became the only person with the ability to see into the future to obtain the alleged "advanced knowledge" of when and in what manner the SBA would act on the proposed rule. And, it is of course not surprising that Defendants have pled no facts in support of this speculative allegation, which is the sole basis for their $9.1 million Counterclaim for breach of contract and breach of duty of good faith and fair dealing. On the basis of the absence of factual allegations to support this bald and improbable assertion alone, Defendants' Counterclaim should be dismissed in its entirety, with prejudice and without leave to amend.

**B.  THE APPLICABLE PLEADING STANDARD FOR 12(b)(6) MOTIONS TO DISMISS REQUIRES THAT DEFENDANTS' COUNTERCLAIM BE DISMISSED.**

Defendants, citing to *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007), recite the general standard applicable to motions to dismiss, and note lightly (and without reference to their Counterclaim) that "[h]eightened fact pleading is not required, **but enough facts most be alleged to state a claim to relief that is plausible on its face.**" D.I. 10, citing *Twombly* at 1974

(emphasis added). Here, Defendants have failed to allege any facts, let alone "enough facts", to support the foundation allegation for their claims that Plaintiff had advance knowledge of the future SBA rule change. Instead, Defendants have made an "information and belief" allegation that Plaintiff knew of the future rule change, with no facts to support this contrived claim.

Although the Court is required to accept all well-pled allegations as true for the purposes of deciding a motion under Federal Rule of Civil Procedure 12(b)(6), it is equally clear that the Court should grant the motion if "it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Id.* This important component of the motion to dismiss standard – that "bald assertions" or "legal conclusions" should not be credited by the court - has been widely acknowledged by this Court and the Third Circuit.[1]

Here, it is plain that Defendants' bald assertion on information and belief that Plaintiff had advanced knowledge of the SBA rule change, with no factual allegations to support it, falls short of the applicable standard. Accordingly, the Court should dismiss the Counterclaim in its entirety.

---

[1] *See, Roarty v. Tyco Intern. Ltd. Group Business Travel Acc. Ins. Plan*, 2007 WL 2248086 (D. Del. 2007) (granting motion to dismiss breach of contract claim); *Brett v. Woodley*, 2007 WL 1695652 (D. Del. 2007) (granting motions to dismiss for failure to state claim); *Delaware State University Student Housing Foundation v. Ambling Management Co.*, 2008 WL 2278360, at *1 (D. Del 2008); *Rice v. U.S.*, 2008 WL 1821464, at *2 (D. Del. 2008); *Walker v. The News Journal*, 2008 WL 766788, at *3 (D. Del. 2008); *Alvarez v. Ins. Co. of N. Am.*, 2008 WL 647784, at *2 (3d Cir. 2008) (affirming motion to dismiss) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 (3d Cir. 1997)); *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (same); *Arthrocare Corp. v. Smith & Newman, Inc.*, 2004 WL 896002, at *4 (D. Del. 2004) (granting motion to dismiss counterclaims).

C.  **SECTIONS 3.13, 3.25 AND 3.34 OF THE STOCK PURCHASE AGREEMENT DO NOT REQUIRE PLAINTIFF TO MAKE ANY REPRESENTATIONS OR WARRANTIES ABOUT FUTURE SBA RULE CHANGES.**

In their Answering Brief, Defendants point to Sections 3.13, 3.25 and 3.34 of the Agreement to support their breach of contract claim, and argue that Section 4.8 – Forward Looking Statements – does not bar their claim. D.I. 10, at 8-11. Defendants are wrong on all counts.

First, Sections 3.13, 3.25 and 3.34 are all subsections of Section 3, entitled "Representations And Warranties of Company And the Sellers". The introductory portion of Section 3 – which Defendants failed to address – limits the scope of sub-sections 3.13, 3.25 and 3.34, and describes, in relevant part, the effective date of the representations contained therein as follows:

> "These representations and warranties are, and the information set forth in the Disclosure Scheduled referenced therein is, current **as of the date of this Agreement and as of the Closing Date, except to the extent that a representation, warranty or Schedule expressly states that such representation or warranty, or information in such Schedule, is current only as of an earlier date or as of the date of this Agreement.**"

D.I. 1, Ex. A, ¶ 3 (emphasis added).

In their Answering Brief, Defendants ignore this provision of the Agreement which provides quite clearly that all of the representations made by Plaintiff were made effective either as of the date of the Agreement, August 28, 2006, or at the latest on November 3, 2006, the date of Closing. There are no representations or warranties whatsoever made as to anything that might or might not happen twelve days after Closing, when the Defendants allege the SBA rule change occurred.

More importantly, the Counterclaim does not allege that Plaintiff was required to make any representations as to the potential future rule changes by the Small Business Administration

("SBA"), and the Agreement makes clear that she was not required to do so. The sellers were not counsel to Defendants, and had no obligation under the Agreement to counsel Defendants in the potential changes in the law.

Defendants do not quote, but do mischaracterize, Section 3.13 of the Agreement, entitled "Contracts". The relevant portion of Section 3.13 provides that those representations are made only **as of the date of the Agreement, August 28, 2006**:

> Company has all the Contracts it needs to carry on the Business in all material respects as now being conducted. All of the Contracts are in full force and effect, and are valid, binding, and enforceable in accordance with their terms, except to the extent that the enforceability thereof may be affected by bankruptcy, insolvency, or similar laws affecting creditors' rights generally or by court-applied equitable principles. Company is not in material breach, nor, to the knowledge of the Sellers and Company, is any other party in material breach of the terms of any Contract. Except as expressly identified on Schedule 3.13, (i) Company has not received notice of an intention by any party to any Contract that provides for a continuing obligation by any party thereto **on the date hereof** to terminate such Contract or amend the terms thereof, other than modifications in the ordinary course of business that do not materially adversely affect the Company and (ii) the consummation of the transactions contemplated by this Agreement will not affect the validity, enforceability and continuation ) all in accordance with the terms of the Contracts) of any of such Contracts **as of the date hereof.**

D.I. 1, Ex. A, ¶ 3.13 (emphasis added).

Nothing in Section 3.13 of the Agreement requires Plaintiff to make any representations regarding future rulemaking by the SBA, and Plaintiff did not do so. Defendants do not allege that Plaintiff had received an actual notice from the Patent and Trademark Office to "terminate" or "amend the terms" of the PTO Contract prior to the date of the Agreement, August 28, 2006, but instead allege that a different government agency, the SBA, issued a rule on November 15, 2006 – twelve days after closing on November 3, 2006 – affecting the PTO Contract. That allegation does not state a claim for breach of the Agreement. Representations as to existing Contracts, including the PTO Contract, were made as of the date of the Agreement, August 26, 2006. Defendants' attempts to misconstrue Section 3.13 to include future rule changes by the

5

SBA on November 15, 2006 or to extend the effective time when the representations were to be made should be rejected by the Court as contrary to the plain language of the Agreement.

Similarly, Defendants mischaracterize, but do not quote, Section 3.25 of the Agreement. Building on their mischaracterization of Section 3.13, Defendants argue that "Trawick reinforced her representation that she had no knowledge of an intention by the government, the other party to the PTO Contract, to alter the terms of the PTO Contract in Section 3.25 of the Agreement." D.I. 10, at 10. With this argument, Defendants attempt to blur the contracting party by claiming that the PTO Contract was with the "government" generally rather than with the PTO. D.I. 10, at 10. They go on to argue: "That provision [Section 3.25] includes Trawick's assurance that T.R. Systems had not provided any untrue statements of material fact, or omitted any material facts, in connection with the transaction." D.I. 10, at 10.

Examination of the language of Section 3.25 demonstrates that Defendants' argument is wholly without merit. Section 3.25 does not contain the general or blanket assurance which Defendants describe. Instead, Section 3.25 is specifically limited to disclosures which the Sellers have previously made under the Agreement, which do not include any disclosures relating to future SBA rule changes. Section 3.25 provides:

> 3.25 <u>Disclosure</u>. No representations or warranties by Company or the Sellers set forth in this Agreement (including, without limitation, the Disclosure Schedules hereto), the Transaction Documents, or in any document, exhibit, statement, certificate or schedule which is furnished or to be furnished by Company pursuant to Section 9 in connection with the Closing of the transactions herein contemplated (1) contains or will contain any untrue statement of a material fact, or (ii) omits or will omit to state, when read in conjunction with all of the information contained in this Agreement, the Disclosure Schedules hereto and the other Transaction Documents, any material fact necessary to make the statements of facts contained therein not misleading.

D.I. 1, Ex. A, ¶ 3.25.

Grasping, Defendants then mischaracterize Section 3.34 of the Agreement, arguing that "[f]inally, in Section 3.34 of the Agreement, Trawick promised for a third time that she is not

6

aware of any change or development 'with respect to the Company's business, operations, condition (financial or otherwise)' that would have a material adverse effect on the company. D.I. 10, at 11. Defendants intentionally ignore the effective date for representations of the Seller as provided in the introductory portion of Section 3 of the Agreement, i.e., as of the date of the Agreement, August 26, 2006, or as of Closing, on November 3, 2006. More importantly, Defendants also fail to quote or even acknowledge the actual language of Section 3.34, which provides:

> Section 3.34   <u>Absence of Changes.</u>   Except as set forth in Schedule 3.34, since June 1, 2006, (i) the Company has conducted its business only in the ordinary and usual course of business consistent with past practice, and (ii) except for matters of general knowledge in the industry related to general economic or industry conditions, there has not been any change in or development with respect to Company's business, operations, condition (financial or otherwise), results of operations, assets or liabilities, except for changes and developments which have not had and would not reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect.

D.I. 1, Ex. A, ¶ 3.34. Again, this section must be read with the Opening Paragraph, which limits the statements to the date of the Agreement and the date of the Closing, and not to forward-looking matters.

Defendants also fail to mention one of their representations to Plaintiff, which is set forth in Section 4.11 and is relevant here:

> Section 4.11   <u>No Additional Representations.</u>   Buyer acknowledges that none of Company, the Sellers, nor any other Person acting on behalf of Company or the Sellers, nor any Affiliate of Company or the Sellers has made any representation or warranty, express or implied, regarding Company or the Sellers, except as expressly set forth in this Agreement, the other Transaction Documents and the Disclosure Schedules.

D.I. 1, Ex. A, ¶ 4.11.

In short, Defendants' argument that Sections 3.13, 3.25 and 3.34 of the Agreement constitute representations by Plaintiff regarding the post-Closing and future rulemaking activities of the SBA, or that Plaintiff was required to make representations regarding the same, is without

merit and contrary to the language of the Agreement. Further, Section 4.11 of the Agreement contains Defendants express acknowledgement that Plaintiff has made no representations other than as set forth in the Agreement.

**D.    SECTION 4.8 OF THE STOCK PURCHASE AGREEMENT BARS DEFENDANTS' COUNTERCLAIM.**

In their Answering Brief, Defendants barely mention Section 4.8 of the Agreement, arguing only that "Section 4.8 cannot be read to supersede or negate the affirmative representations contained in Sections 3.13, 3.25, and 3.34." D.I. 10, at 11. As the foregoing analysis demonstrates, there were no "affirmative representations" made by Plaintiff regarding what the SBA would or would not do twelve days after Closing and Plaintiff was not required to make any such representations. Defendants offer no other argument to counter the fact that Section 4.8 of the Agreement flatly bars the claims Defendant has attempted to assert:

> 4.8    **Buyer's Acknowledgement Regarding Forward-Looking Statements.** Buyer acknowledge that (a) neither Company nor the Sellers nor any of Company's Representatives makes or shall be deemed to have made hereunder any representations or warranties, express or implied, at law or in equity, of any kind or nature whatsoever concerning or as to the accuracy or completeness of any projections, budgets, forecasts or other forward-looking financial information concerning the future revenue, income, profit or other financial results of Company, (b) there are uncertainties inherent in attempting to make any such projections, budgets, forecasts or other forward-looking financial information, and (c) actual results of operations may differ materially from any such projections, budgets, forecasts or other forward-looking financial information.

D.I. 1, Ex. A, ¶ 4.8.

This is entirely consistent with the other provisions of the Agreement, Sections 3.13, 3.25 and 3.34, which provide that any representations made therein are made as of the date of the Agreement or the date of Closing. As to the future **after** Closing, Section 4.8 provides that Plaintiff has not made and is not required to make any representations "of any kind or nature "regarding "forward-looking financial information" concerning the "future revenue, income, profit or other financial results of the Company".

8

In a rare moment of agreement, Defendants and Plaintiff have both cited *Acme Supply Co. v. City of New York*, 834 N.Y.S.2d 142 (2007) and *Ruttenberg v. Davidge Data Sys. Corp*, 626 N.Y.S.2d 174, 177 (1995) for the general proposition that it is a recognized rule of contract construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect.  D.I. 9, at 9; D.I. 10, at 11.  And, it is Defendants' strained argument – that Section 4.8 should not be permitted to negate the "affirmative representations contained in Sections 3.13, 3.25 and 3.34" that would in fact render Section 4.8 meaningless.  As demonstrated herein, Sections 3.13, 3.25 and 3.34 are representations limited in time to the date of the Agreement (August 28, 2006) or Closing (November 3, 2006), and those sections do not contain any representations regarding future SBA rule changes after Closing.  Section 4.8 covers future forward-looking statements regarding the finances of the Company, and contains Defendants' express acknowledgement that no such representations have been made.  The Court should reject Defendants' entreaty to ignore the effect of Section 4.8 and should dismiss Defendants' Counterclaim in its entirety.

E.  **DEFENDANTS HAVE FAILED TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING.**

Finally, Defendants rely principally on *Fantozzi v. Axsys Techs., Inc.*, 2007 U.S. Dist. LEXIS 61448, *6-*7 (S.D.N.Y. 2007) to argue that New York law permits a separate cause of action for breach of the covenant of good faith and fair dealing.  *Fantozzi* is easily distinguishable from the present case and does not support Defendants' position.

First, the court in *Fantozzi* states the general rule that "'New York Law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.'" (quoting *Harris v. Provident Life and Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002)).  Where a claim

9

for breach of the covenant is 'duplicative' of a breach of contract claim, it is thus subject to dismissal. *See Texas Liquids Holding, LLC v. Key Bank Nat. Assoc.*, No. 05 Civ. 5070, 2007 U.S. Dist. LEXIS 23002, at *7 (S.D.N.Y. Mar. 27, 2007).

In *Fantozzi*, the court permitted the plaintiff's breach of covenant of good faith and fair dealing claim to proceed because it "depends on facts in addition to those that might support a breach of contract claim, and their claim is not duplicative of the breach of contract claim." *Id.* at *3. The additional facts related to a "post-Agreement attempt to arrange performance in a specific manner not mandated as exclusive by the Agreement". *Id.* at *2.

In the instant case, Defendants' claim in Count II for Breach of Duty of Good Faith And Fair Dealing is based on the same alleged facts as the breach of contract claim, does not depend on or even refer to any additional facts, and is therefore "duplicative" of Count I of the Counterclaim. Accordingly, New York law would not permit Count II of Defendants' Counterclaim to proceed and it should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion to Dismiss Defendants' Counterclaim in its entirety.

| | |
|---|---|
| OF COUNSEL:<br>Stanley J. Reed<br>LERCH, EARLY & BREWER, CHTD.<br>3 Bethesda Metro Center<br>Suite 460<br>Bethesda, MD 20814<br>Tel: (301) 986-1300<br>sjreed@learchearly.com<br><br>Dated: June 18, 2008 | CONNOLLY BOVE LODGE & HUTZ LLP<br><br>By: /s/ Kevin F. Brady<br>    Kevin F. Brady (I.D. #2248)<br>    Jeremy D. Anderson (I.D. #4515)<br>    The Nemours Building<br>    1007 North Orange Street<br>    P.O. Box 2207<br>    Wilmington, DE 19899<br>    Tel: (302) 658-9141<br>    kbrady@cblh.com<br>    janderson@cblh.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, the foregoing PLAINTIFF CAROL A. TRAWICK'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for reviewing and downloading from CM/ECF:

>Stephen C. Norman, Esquire (#2686)
>Sarah E. DiLuzio, Esquire (#4085)
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>P. O. Box 951
>Wilmington, DE 19801
>snorman@potteranderson.com
>sdiluzio@potteranderson.com


>/s/ Kevin F. Brady
>Kevin F. Brady (#2248)